■ RENEE GIOVATI et al., Respondents, v HALMAR CORPORATION et al., Appellants. [666 NYS2d 474] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Rockland County (Miller, J.), dated February 4, 1997, which denied their motion pursuant to CPLR 3211 to dismiss the complaint as time-barred.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 to dismiss the complaint as time-barred is granted.

In a companion appeal, this Court held that a prior identical action between the parties should have been dismissed "with prejudice" (*Giovati v Kavanagh*, 245 AD2d 420 [decided herewith]). Accordingly, the plaintiffs are not entitled to the benefit of the six-month extension of the Statute of Limitations provided by CPLR 205 (a), and the instant action must be dismissed. Mangano, P. J., Santucci, Joy and Lerner, JJ., concur.

■ RENEE GIOVATI et al., Respondents, v YUON KAVANAGH et al., Defendants, and HALMAR CORPORATION et al., Appellants. [666 NYS2d 30] —In an action to recover damages for personal injuries, etc., the defendants Halmar Corporation and Defoe Corp. a/k/a Halmar-Defoe Corporation appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Miller, J.), dated July 30, 1996, as dismissed the complaint insofar as asserted against them without prejudice.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, and the complaint insofar as asserted against the appellants is dismissed with prejudice.

Under the circumstances presented, the Supreme Court's dismissal of the complaint insofar as asserted against the appellants without prejudice was an improvident exercise of discretion. Mangano, P. J., Santucci, Joy and Lerner, JJ., concur.